UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-mj-00125-DKL |
| ) | |
| JOSE LUIS BARRERAS (01), ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On February 16, 2016, Defendant Jose Luis Barreras was charged by Complaint with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Filing No. 2.] At Mr. Barreras's initial appearance, the Government moved for pretrial detention, and Magistrate Judge Denise LaRue set a hearing on the Government's motion. [Filing No. 14.] Magistrate Judge LaRue held a detention hearing on February 19 and 22, 2016, and denied the Government's motion for pretrial detention. [*See* Filing No. 20.] Presently pending before the Court is the Government's Motion for Reconsideration of Release Order. [Filing No. 16.]

**I.
STANDARD OF REVIEW**

18 U.S.C. § 3145(a) provides:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.] The motion shall be determined promptly.

1

The district court may review the magistrate judge's findings *de novo*, and although it may hold a new detention hearing, it need not do so.  *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991); *United States v. Jones*, 804 F. Supp. 1081, 1088-89 (S.D. Ind. 1992) ("Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of Section 3142(e) is not such a 'bursting bubble.'  Thus in order to rebut the presumption, the defendant must produce some evidence; and the judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight.") (citations omitted).

The Court has listened to the record of the detention hearings and reviewed the evidence introduced, as well as the parties' briefs.  The Court finds that adequate evidence was presented at the detention hearing for the Court to make a decision, and declines to hold a new hearing.

## II.
### FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

The Court's inquiry into whether Mr. Barreras should remain detained prior to trial is guided by the following factors:  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community.  *See* 18 U.S.C. § 3142(g).  These factors help the Court

---

[1] To the extent that any findings of fact should be considered conclusions of law, they should be deemed to be such.

2

determine whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community…." *Id.*

At the hearing, the Government conceded that Mr. Barreras has rebutted the presumption that he presents a danger to any person or the community. Accordingly, the Court will consider the § 3142(g) factors to determine whether conditions of release could reasonably assure Mr. Barreras's appearance at trial – that is whether he is a flight risk. The Government usually bears the burden of proof and must prove risk of flight by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985) (internal citations omitted). However, in a case such as this, which involves a charge of drug trafficking, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person …." 18 U.S.C. § 3142(e). The presumptions in § 3142(e) "are 'rebutted' when the defendant meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

### A. Nature of the offense.

This offense involved a series of consensually recorded conversations where the defendant directed a third party to deliver three pounds of methamphetamine to a confidential informant. During the recorded conversation, Mr. Barreras agreed to deliver twenty pounds of methamphetamine to the informant at a later date. After his arrest, the defendant gave a post-Miranda confession to DEA and admitted to a series of prior transactions where he shipped four to eight pounds of methamphetamine per transaction to customers in Indianapolis.

Given the quantity of methamphetamine, and its potential impact on the community, the nature and circumstances of the offense charged are serious. The defendant faces a mandatory

minimum sentence of ten years imprisonment if convicted on the offense charged in the Complaint. The potential mandatory minimum sentence weighs in favor of detention as it provides a powerful motive to flee.

**B. Weight of the evidence.**

Additionally, the Court finds, for the purposes of the issue of detention only, that the weight of the evidence against Mr. Barreras – as discussed above – is strong. As he concedes, "the complaint sets out a compelling case supported by strong evidence." [Filing No. 23, ¶ 3.]

**C. History and characteristics**.

As to Mr. Barreras's history and characteristics, 18 U.S.C. § 3142(g)(3) instructs the Court to consider Mr. Barreras's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense. Mr. Barreras, a United States citizen, has lived in California his entire life. His parents, wife, and four children all reside in California, outside of Los Angeles. He has no prior criminal history. He has traveled to Mexico multiple times during the past year. The evidence demonstrates that several visits were for dental work and to attend to a sick uncle, but the basis of one visit is unaccounted for. While he had steady employment for a number of years with a tire company, he is currently self-employed as a driver. His passport has been surrendered to U.S. Probation.

Viewed as a whole, Mr. Barreras history and characteristics, present a mixed picture. He certainly has significant ties to California, but he also has powerful ties to Mexico, having family members who reside there and having received health care there. He lives approximately two

hours from the Mexican border. While his employment might provide income for his family, its transient nature would make monitoring difficult. The Government emphasized at the detention hearing that Mexico's border may be porous with respect to people entering the United States illegally, but is a closed door with respect to extradition from Mexico to the United States. Certainly, Mr. Barreras's lack of criminal history weighs in favor of release, but the prospect of a mandatory minimum ten-year sentence in a case with powerful evidence and a confession, weighs in favor of detention.

Mr. Barreras argues he would not abandon his family by fleeing the country. But if convicted he would be separated from them as well, and if he were to travel to Mexico and evade extradition, there would be no barrier to his family visiting him there.

The Court concludes that the foregoing factors are at least in equipoise such that the presumption has not been rebutted, and at most weigh in favor of detention.

### D. Danger to the community.

Finally, as to the nature and seriousness of the danger to any person in the community, the Government has conceded that Mr. Barreras has rebutted this presumption. The Court would note, however, that the community is endangered by the devastating toll that drug distribution, use, and drug addiction can take on society, as well as on drug users and their families. The quantities involved in this case are significant, which has the potential to inflict a great deal of harm on the community. Nevertheless, the Court is not considering this conclusion in making a decision on the pending issue of detention.

### III.
#### CONCLUSION

In sum, based on the four factors above, the Court finds that Mr. Barreras has not presented adequate evidence to rebut the presumption of detention when a crime of this nature is involved,

and given his personal history and characteristics. The presumption remaining, the Government has established by a preponderance of the evidence that there are no conditions of release that would reasonably assure Mr. Barreras's appearance. Accordingly, the Court **GRANTS** the Government's Motion for Reconsideration of Release Order, [Filing No. 16], **REVERSES** the decision of the Magistrate Judge, and **ORDERS** that Mr. Barreras be remanded to the custody of the United States Marshal pending his trial.

The Court further **ORDERS** that Mr. Barreras: (1) shall be held in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; (2) shall be afforded reasonable opportunity for private consultation with counsel; and (3) shall, on order of the Court or on request of an attorney for the Government, be delivered to the United States Marshal by the correctional facility for appearances in connection with a court proceeding.

03/02/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Jeffrey A. Baldwin
VOYLES ZAHN & PAUL
jbaldwin@vzplaw.com